IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM HARDEN, | § | |
| (BOP No. 50057-177), | § | |
| | § | |
| **Plaintiff,** | § | |
| V. | § | CIVIL ACTION No. 4:19-CV-428-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court for review of pro-se inmate/plaintiff William Harden's ("Harden") claims under the Federal Tort Claims Act (FTCA) against the United States of America (USA). Now pending is the motion for summary judgment of defendant USA, along with a brief in support and an appendix. USA Mot. for Summ J, ECF No. 18; USA Brief, ECF No. 19; USA App., ECF No. 20, 22-1. Plaintiff has not filed any response to the summary judgment motion. After review and consideration of the summary judgment motion, supporting documents, record, and applicable law, the Court concludes that the USA is entitled to summary judgment.

### PROCEDURAL HISTORY and BACKGROUND

Plaintiff Harden is an inmate at the Bureau of Prisons' ("BOP") FMC-Fort Worth facility in Fort Worth, Texas. Complaint 1, ECF No. 1. Harden complains and alleges that the BOP medical staff committed medical negligence by not providing proper medical treatment for his documented latent tuberculosis condition. Complaint 2-3, ECF No. 1.

Harden's factual allegations begin with informing the Court that on January 4, 2017, while at FMC-Fort Worth, he was administered a medication[1] to treat his tuberculosis condition. Complaint 2, ECF No. 1. He writes that "despite having taken the drug previously and experienced an adverse reaction from it ( an allergic reaction) [he] was ordered by a nurse . . . to ingest the drug of face immediate and severe disciplinary retaliation. *Id.* Harden contends he informed the nurse of the prior adverse reactions, and that taking the medication would likely result in major medical complications. *Id.* Harden contends that within two hours of taking the drug, he experienced a life threatening reaction to the drug, and required emergency transfer to a local hospital where he was diagnosed as having suffered a severe cerebro-vascular accident (CVA) and treated for that condition. *Id*. at 3.

Harden then claims that as a result of the "maladministration of the tuberculosis related drug, plaintiff has experienced permanent neurological and muscle/nerve injuries including left side weakness, facial droop, drooling, mood and affect instability, memory problems, poor coordination, inability to grasp and hold objects in the left hand and other left hand impairments." *Id.*

Harden contends that his injury resulted from the negligence of FMC-Fort Worth employees, and claims that he has not been provided timely and adequate physical therapy to mitigate his injuries. *Id.* Harden seek monetary damages under the Federal Tort Claims Act

---

[1] Although Harden does not identify the medication in his complaint, review of the medical records provided by the USA reveal that at the time of the complained-of-events, Harden was provided Isoniazid (INH) and Rifampin for his latent tuberculosis condition. USA Appendix 49-53, ECF No. 22-1.

(FTCA). Complaint 1, 3-4, ECF No. 1.

## SUMMARY JUDGMENT EVIDENCE

As noted, the USA filed an appendix in support of the motion for summary judgment. App., ECF Nos. 20, 22-1. The appendix includes a total of 102 pages of medical records. ECF No. 22-1. The appendix also includes a Bureau of Prisons Clinical Practice Guide for the Management of Tuberculosis, and copies of records of Harden's exhaustion of administrative remedies. ECF Nos. 20-1, and 20-2.

Harden declared his complaint in this matter to be "true and correct" and made "under penalty of perjury." Complaint 5, ECF No. 1. Under controlling circuit authority, this Court must consider the complaint as competent summary-judgment evidence in resolving the summary judgment motion. *See Barnes v. Johnson*, 204 F. App'x 377, 378 (5th Cir. 2006) (citing *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (a plaintiff's verified complaint may serve as competent summary judgment evidence); *see also Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998); *see generally Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct").

The USA has presented a history related to what Harden's medical records reveal regarding the medical care provided to him during the relevant time periods made the basis of the complaint. USA Brief 5–9, ECF No. 19. Harden has not filed any response to the summary judgment motion, and thus he has not come forward with any evidence to contest

defendant USA's summary judgment motion. As explained in the analysis section below, because Harden's medical care claims for relief under the FTCA can be resolved on a legal ground, the Court will not include a restatement of a factual chronology as set forth in the records provided by the USA.

### SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)(citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law."*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record,

and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted)(internal quotation marks omitted). "After the non-movant [here, Jenkins] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

**A**.   **Expert Testimony Required to Support Medical Negligence Claims**

Harden alleges negligence under the FTCA on the part of BOP medical staff with FMC-Fort Worth. Complaint 2-3, ECF No. 1. He alleges that the a medication prescribed for his latent tuberculosis caused him to have an adverse reaction. He alleges the medication was provided, even though he had a history of an adverse reaction to the medication, and that he suffered harm and numerous side effects that required him to be hospitalized. As noted,. He seeks monetary damages under the FTCA. Complaint 1, 3-4, ECF No. 1.

The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred. *See* 28

U.S.C.A. § 1346(b)(1) (West 2019); 28 U.S.C.A. § 2674 (West 2019); *see also Quijano v. United States*, 325 F.3d 654, 567 (5th Cir. 2003). The FTCA essentially borrows from state law in that it allows the United States to be held liable for allegedly tortious conduct "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, as Harden's complaints of alleged medical negligence occurred within Texas, Texas law applies to Harden's FTCA claim. *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law.").

In Texas, "health care liability claims are subject to strict pleading and proof requirements." *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 561 (5th Cir. 2008) (citing Tex. Civ. Prac. & Rem. Code §§ 74.001–507). Particular to the medical negligence context, under Texas law the plaintiff bears the burden of proving four elements: (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) a causal connection between the breach of care and the injury. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano*, 325 F.3d at 564-567); *see also Bryan v. Sherick*, 279 S.W. 3d 731, 732-33 (Tex. App.--Amarillo 2007, no pet) and *Denton Reg. Med. Ctr. v. LaCroix*, 947 S.W. 2d 941, 950 (Tex. App.-Fort Worth 1997, no writ). As a threshold issue, a plaintiff must establish the standard of care before the fact finder may consider whether the defendant breached the standard of care or if such a breach constituted negligence. *Hannah*, 523 F.3d at 601; *Denton Reg. Med. Ctr.*, 947 S.W.2d at 950. A plaintiff must therefore prove how a reasonably careful

-6-

and prudent physician would have acted under the same or similar circumstances. *See Hood v. Phillips*, 554 S.W. 2d 160, 165-66 (Tex. 1977). Texas law imposes a presumption that the health-care provider has discharged his duty of care. *Thomas v. Beckering*, 391 S.W. 2d 771, 775 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.); *Shevack v. United States*, 528 F. Supp. 427, 431 (N.D. Tex. 1981). A physician is not a guarantor of a cure, and negligence is not imputed from an unsatisfactory outcome. *See Hunter v. Robison*, 488 S.W. 2d 555, 560 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.); *Beckering*, 391 S.W. 2d at 775. Defeating the presumption of proper care requires affirmative proof of negligence and proximate cause. *Williford v. Banowsky*, 563 S.W. 2d 702, 705 (Tex. Civ. App.--Eastland 1978, writ ref'd n.r.e.).

Expert testimony is required when the alleged negligence is "of such a nature as not to be within the experience of the layman." *FFE Transp. Serv., Inc. V. Fulgham*, 154 S.W.3d 84, 90 (Tex. 2004) (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)) (other citations omitted). Particular to the medical context, expert testimony is required to establish the applicable standard of care "unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman . . .." *Hannah*, 523 F.3d at 601 (quoting *Hood*, 554 S.W. 2d at 165-66). The plaintiff must similarly offer expert testimony on the issue of causation. *See Jelinek v. Casas*, 328 S.W. 3d 526, 533 (Tex. 2010) ("[T]he plaintiff must establish two causal nexuses in order to be entitled to recovery: (a) a causal nexus between the defendant's conduct and the event sued upon; and (b) a causal nexus between the event sued upon and the plaintiff's injuries"); *see also Arlington Memorial Hosp. Found., Inc., v.*

*Baird*, 991 S.W. 2d 918, 922 (Tex. App. Fort Worth 1999, pet. denied) (citation omitted). A plaintiff must establish causation beyond the point of conjecture, and proof of mere possibilities does not support submission of the issue to a fact finder. *Jelinek*, 328 S.W. 3d at 537. In this regard, "mere speculation or conjecture is not sufficient to establish [a] causal connection between a defendant's conduct and the plaintiff's injuries." *Martin v. Durden*, 965 S.W.2d 562, 567 (Tex. App.-Houston [14th Dist.] 1997 writ denied) (citation omitted). In sum, an expert must explain, to a reasonable degree of medical probability, how and why the alleged negligence caused the injury based on the facts presented. *Jelinek*, 328 S.W. 3d at 539-40.

In short, subject to the narrow exception for matters of common knowledge, a plaintiff must produce expert testimony to meet his burden of proof on a medical malpractice claim under Texas law. *See Hannah*, 523 F.3d at 601; *see also Prindle v. United States*, No. 4:10-CV-54-A, 2011 WL 1869795, at *l–2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to a FTCA claim that medical personnel were negligent in failing to diagnose and treat carcinoma); *Woods v. United States*, No. 3:08-CV-1670-D, 2010 WL 809601, at *3 (N.D. Tex. Mar. 8, 2010) (holding that expert testimony is necessary to establish the standard of care with respect to an FTCA claim that a VA doctor committed medical malpractice by prescribing a cholesterol medication that interacted with the plaintiff's diabetes and liver disease). Harden must show, with expert medical testimony, that the United States undertook a mode of treatment which a reasonable and prudent member of the medical profession would not have undertaken under the same

-8-

or similar circumstances. *See Hood*, 554 S.W.2d at 165.

    **B.**    **Harden has No Expert Testimony and thus, Cannot Demonstrate that the United States was Negligent in Treating his Tuberculosis.**

In this case, Harden has not designated any expert, and he thus cannot provide any expert opinion stating the standard of care for the treatment of latent tuberculous, or that there was any breach of an applicable standard of care which caused him injury. And Harden also has not shown—nor can he show—that the medical standard of care, and the issues of breach and causation regarding the treatment of the medical conditions detailed in his pleadings, are matters of common knowledge or within the general experience of a lay person, so as to excuse the requirement to provide evidence in the form of expert testimony. Indeed, Texas law only excuses the requirement for expert testimony in cases of truly rare, obvious forms of negligence. The Texas Supreme Court has given as examples "negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body." *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990). Harden has not identified any such acts in this lawsuit.

Harden entered into BOP custody with a host of serious medical conditions that put him at significant risk of stroke. He subsequently had a stroke. His belief, however sincere it may be, that one of the medications given him for tuberculosis could somehow cause a stroke does not establish any medical negligence on the part of the BOP. The same is true with respect to his belief that physical therapy was necessary and would have decreased or eliminated the effects of the stroke he alleges persist to this day, effects which are not

reflected in the medical records of either BOP medical staff or outside consultants. Texas law requires Harden to provide expert testimony as to the standard of care and any applicable breach thereof, and any causal connection between the alleged negligence and the alleged injury. Harden's failure to provide an expert opinion means he cannot establish a genuine issue of material fact as to these issues. *See Hannah*, 523 F.3d at 601; *see generally Kitt v. United States*, 756 F. App'x 114, 117 (5th Cir. 2018) (holding that inmate's FTCA claim that he developed tuberculosis due to BOP staff's negligence in allowing exposure to other inmates, required expert testimony to link his claim to the alleged negligent acts).

## CONCLUSION

Because Harden failed to designate an expert who would provide evidentiary support for his medical negligence claims, he is unable to establish the standard of care or breach of that standard regarding the treatment while he was housed at FMC-Fort Worth for his particular tuberculosis conditions and any complications arising from the treatment of that condition. *See generally Hannah*, 523 F.3d at 602 (affirming district court's summary judgment in favor of defendant where inmate plaintiff did not designate or hire an expert to testify regarding the applicable standard of care and how the care received breached that standard); *Hibbs v. United States*, No. 3:11-CV-2601-N-BH, 2013 WL 4434800, at *5 (N.D. Tex. Aug. 19, 2013) (granting summary judgment because inmate plaintiff did not designate an expert in medical malpractice claim). Harden cannot defeat summary judgment "with conclusory allegations, unsubstantiated assertions or 'only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (citations omitted). As Harden has failed to

provide expert testimony regarding the elements of his tort claim, he cannot create a material fact issue on whether the medical providers breached a duty that proximately caused his medical related injuries. The USA is entitled to summary judgment on Plaintiff's claims for relief under the FTCA.

### ORDER

For the reasons discussed herein, it is **ORDERED** that the USA's motion for summary judgment (ECF No.18) is **GRANTED**, such that all William Harden's claims against the United States of America are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **9th day** of **November, 2020**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE